In the Matter of WILLIAM H. KENT, as Administrator, etc., of
MARY KENT, Deceased, Respondent, v. WILLIAM ROCKWELL and
CHARLES J. PEARSON, Attorneys, etc., Appellants.

In the Matter of JANE LEAREY, Respondent, v. WILLIAM ROCKWELL
and CHARLES J. PEARSON, Attorneys, Appellants.

*Attorney and client — client's money misappropriated by an attorney's direction —
attorney liable therefor.*

In a proceeding, instituted against two attorneys at law to compel the payment
over of money which was received by them for their clients, it appeared that
the money had been received in a partition suit and that a portion of the money
due their clients had by direction of the attorneys been paid by the referee
to the attorneys' landlord for rent which was due from the attorneys, and
was deducted from the money in the hands of the referee due to their clients.
*Held*, that in reality and in legal contemplation the lawyers received the money;
that they assumed control over it, and instead of taking the money themselves,
as they were at liberty to do and paying it to their landlord, they directed the
actual custodian of the fund to pay it to him; that what was so done by the
referee, in the eye of the law, they did themselves, and that it was equivalent
to receiving the money themselves;
That the attorneys perpetrated a wrong upon their clients when they used the
money in the hands of the referee to pay their own debt, and that it would con-
stitute a violation of legal principles to permit them to profit by their own
wrong, and that an order directing the payment of the money to their clients
should be affirmed.

APPEAL by William Rockwell and Charles J. Pearson from an
order of the Supreme Court, made at the Kings County Special
Term, bearing date the 20th day of January, 1895, and entered in
the office of the clerk of the county of Kings, directing said Rock-
well and Pearson, or one of them, to pay to William H. Kent, as
administrator, or to Charles N. Judson, his attorney, the sum
of $296.48, with interest, being the balance remaining in their
hands received by them for Mary Kent in an action in partition.

Also an appeal by William Rockwell and Charles J. Pearson from
an order of the Supreme Court, made at the Kings County Special
Term on the 14th day of January, 1895, and entered in the office of
the clerk of the county of Kings, denying the motion of said Rock-
well and Pearson to vacate and set aside the order entered in said
clerk's office on the 17th day of October, 1894.

*Joseph P. Joachimsen,* for the appellants.

*Charles N. Judson,* for the respondents.

DYKMAN, J. :

These are two proceedings against William Rockwell and Charles J. Pearson, who are attorneys and counselors at law, to compel the payment over of money which was received in .a fiduciary capacity for their clients. They are considered in connection with each other, because to a certain extent the controlling facts are the same in each.

On the 16th day of January, 1893, Mary Kent made an application to the court at Special Term to compel the appellants to pay over certain moneys which they had received for her. That application was based upon a petition which stated substantially that she, with two of her sisters, Jane Learey and Esther Foster, were defendants in an action for the partition of real property, and employed the appellants as their attorneys in that suit ; that such proceedings were had in that action ; that the premises were sold under the direction of the court, and the petitioner was entitled to realize from the proceeds of such sale as her distributive share the sum of $686.48, and that her two sisters were each entitled to receive a similar sum ; that the appellants received from the referee the sums so belonging to each of the three defendants and received for the petitioner the sum of $686.48, beside the sum allowed to the appellants for costs in that action ;. that the appellants had paid to the petitioner the sum of $300, but have neglected and refused to pay over the balance, and the petitioner prayed for an order directing the appellants to pay over to the petitioner the balance remaining in their hands, to wit : $386.48, or show cause why an attachment should not issue against them. Upon that application William Rockwell, one of the appellants, presented an affidavit, in which he stated, substantially, that they were practicing attorneys and counselors of the Supreme Court, and were retained by the petitioner as her attorneys in the partition suit ; that on or about the 15th day of December, 1892, his firm received from the referee the sum of $686.48, being the share allowed to the petitioner Mary Kent, and on the same day paid to her the sum of $300, stating .at that time that it

was not to be considered as a settlement, but that his firm would be obliged to wait for the bill of other attorneys necessarily employed by them in the conduct of the defense in that action before they could render a complete and final settlement; that the bill of costs of his firm amounted to $215, $150 of which was an allowance made by the court. Upon the petition and affidavit so presented it was decided at Special Term that the appellants should pay over the balance of the money which they had so received for the petitioner.

No formal order was entered upon that decision, and about the 7th day of February, 1894, during the pendency of the proceedings, the petitioner Mary Kent died, and William Kent was appointed the administrator of her estate by the surrogate of Kings county. He qualified as such administrator and entered upon the discharge of his duties. After he was so appointed he presented a petition to the Supreme Court, at Special Term, in which he recited the previous proceedings on the part of his intestate for the procurement of the money, and that she had died, and he had been appointed the administrator of her estate, and that he was desirous of continuing the proceedings, and asked for an order continuing the same in his name. On the twenty-sixth day of January an order was made directing the proceedings to be continued by William H. Kent as administrator of the said petitioner Mary Kent, deceased, and that he be substituted as the petitioner in her place, and be allowed to amend the petition forthwith, and that the amended petition be filed as the petition of the administrator in this proceeding. Thereupon the administrator presented a second petition to the court at Special Term, in which he substantially recited the facts which had been stated in the petition of his intestate, and prayed that the appellants be directed to pay over to him as such administrator the balance remaining in their hands which belonged to his intestate. In answer to that petition, William Rockwell made an affidavit in which he stated substantially that his firm never actually received the full amount of the shares of Mary Kent, Jane Learey and Esther Foster, to wit, $2,059.44, and only received the sum of $1,282, of which they have paid to Mary Kent, Jane Learey and Esther Foster each $300, making an aggregate of $900, and since that time they have paid to Mary Kent and Jane Learey the sum of $190 each additional. That before any moneys were received by

them they gave an order to their landlord upon the referee for the sum of $772.38 for rent which was due from them to their landlord, to be deducted from the moneys in his hands as such referee; that such order was presented by the person to whom it was given to the referee, and he paid the same to him and deducted the amount thereof from the sum which should have been paid to the three defendants, Kent, Learey and Foster, and paid only the balance thereof to the appellants, and he, therefore, asked that the application be dismissed, or that it be decreed if any sum be paid by his firm to the petitioner that it will be only the sum of $37.33, that being the only sum they had actually received in excess of what they paid.

William Rockwell made a second affidavit in that same proceeding on the 3d day of November, 1894, in which he stated that the first affidavit made by him in answer to the petition presented by Mary Kent was made hurriedly and under a misapprehension of the legal effect of the facts which were set forth in his last affidavit.

Thereupon an order was made at the Special Term that the appellants pay to William H. Kent, as administrator, or Charles Judson, his attorney, the sum of $296.48, with interest from December 15, 1892, and from that order Rockwell and Pearson, the attorneys, have appealed to this court.

In the case of Mrs. Learey the facts and proceedings are substantially the same down to the first affidavit made by William Rockwell in answer to the petition presented by Mary Kent in the first instance. But in the Learey case the decision was in favor of the petitioner, and an order was made on the 17th of October, 1894, directing the appellants to pay over the balance of $296.48, which remained unpaid upon that portion, to the petitioner, Mrs. Learey. Thereupon William Rockwell procured an order requiring the petitioner, Mrs. Learey, or her attorney, to show cause at a Special Term of the Supreme Court in Brooklyn, on the 3d day of November, 1894, why the order made on the 17th day of October, 1894, should not be vacated and set aside, and why there should not be a reargument of the motion, and why the petition of Mrs. Learey should not be dismissed. That application was based upon an affidavit of William Rockwell, which stated substantially the same facts as the affidavit made by him in answer to the petition of William H. Kent, as

administrator. This last affidavit contained also a statement that through inadvertence or misapprehension the view of the case stated there was not thoroughly, if at all, presented on the hearing of the original motion. Upon the hearing of that application the motion for reargument was denied, and from the order denying that motion to vacate and set aside the original order, and to grant a reargument of that motion, the attorneys Rockwell and Pearson have appealed. There is no appeal in this Learey case from the original order, so that the only question before us in the Learey case has reference to the denial of the motion for a reargument of the original motion, so that the questions now for determination relate to the appeal from the order made in favor of the administrator of the original petitioner for the payment of the money to him, and the denial of the motion for reargument in the Learey case. We do not see how the failure by the lawyers to receive all the money belonging to their clients can exempt them from liability in view of the cause of such failure. In reality and in legal contemplation the appellants did receive the money. They assumed control over it, and instead of taking the money themselves, as they were at liberty to do, and paying it to their landlord, they directed the actual custodian of the fund to pay it to him. What they so did by the referee, in the eye of the law, they did themselves, and it was equivalent to receiving the money themselves.

The attorneys perpetrated a wrong upon their clients when they used the money in the hands of the referee to pay their own debt, and it would constitute a violation of legal principles to permit them to profit by their own wrong.

Moreover, if that act furnished immunity to the attorneys, the referee would remain responsible to the parties, which would be very unjust as between him and the lawyers.

Both orders should be affirmed, with ten dollars costs and disbursements in each case.

BROWN, P. J., and PRATT, J., concurred.

Orders affirmed, with ten dollars costs and disbursements.